Elliott FRENCH, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State
Penitentiary, Respondent.

No. A–13626.

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1965.

Elliott French, in pro. per.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge.

Without the aid of counsel this petitioner has filed in this Court a petition for writ of habeas corpus, discharging him from confinement in the State Penitentiary at McAlester.

Petitioner attaches to his petition photostatic copies of the information, minutes of the district court of Tulsa County, Oklahoma in case No. 20335, State of Oklahoma v. Elliott French; and of the judgment and sentence entered on his plea of guilty.

Defendant states, as grounds for a writ, that he was held in the county jail from September until January, and that his constitutional rights were thereby violated by reason of the delay in granting him a speedy trial; and that he "was forced to trial eventually with an attorney who was a stand-in for an attorney who was employed by petitioner." Both of these contentions are without merit.

This petitioner was charged with assault and battery with a deadly weapon, ("a knife having a sharp and pointed steel blade") after former conviction of a felony.

The record before us shows that the information was filed in the district court of Tulsa County on December 6, 1963, and defendant, upon arraignment on December 11, 1963 entered a plea of not guilty, and requested a jury trial. The case was assigned for trial for January 9, 1964, at which time the defendant, present with his attorney, withdrew his plea of not guilty

and entered a plea of guilty, waived time for sentencing and was sentenced to serve a term of not less than two, nor more than six years in the state penitentiary.

Petitioner fails to state how he was prejudiced by the "stand-in" attorney.

The general rule of this Court, as often announced, is that where a prisoner is in custody under sentence of conviction and seeks his discharge on habeas corpus, the inquiry is limited to the question of whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant, of the crime charged, and jurisdiction to render the particular judgment.

Here petitioner entered a plea of guilty. No attempt was made to appeal from the judgment and sentence. The defendant had an attorney at all stages of the proceeding.

There is nothing in the record before us that would justify this Court in granting the relief the petitioner seeks. The burden of proof is upon the petitioner to sustain the allegations of his petition. We are of the opinion that this burden has not been met.

The petition for writ of habeas corpus is denied.

BUSSEY, P. J., and NIX, J.; concur